THOMAS D. BROOKS *vs.* JAMES P. LYNDE.

It is not necessary to wait until the expiration of two years after an administrator has given bond, before commencing an action against him for a legacy, if all the debts due from the estate have been paid and sufficient assets remain in his hands for all unpaid legacies.

CONTRACT, brought by the administrator of William B. Bigelow against the administrator *de bonis non* with the will annexed of Abel Bigelow, to recover a legacy. The writ was dated May 24, 1862. The will, which was dated September 21, 1840, contained the following provisions :

" First. In order to provide a sufficient fund for the payment of all my just debts, I order and direct that my saw-mill, with the land connected with it and all its privileges and appurtenances, be sold by my executors hereinafter named, &c.

" Item. I give and bequeath to my children, [naming nine,. including William B.] each the sum of one hundred dollars, to be paid to each of them when they shall severally attain the age of twenty-one years ; and I authorize and empower my executors to sell real estate, so far as the same may be necessary, to. pay said legacies, provided any money that may be left as the proceeds of the sale of the saw-mill, or as due to me at the time of my decease, after paying my debts, shall be first applied to, the payment of said legacies."

It was agreed in the superior court that the testator died on, the 7th of October 1840, and his will was proved on the 22d, of the same month. The saw-mill referred to was sold by the, testator for $800 after making the will. The executors " accepted the trust, returned an inventory of the estate of the testator, and settled an account of their administration thereof in the probate court; from which it appears that the whole available amount of debts due to said Abel Bigelow at the time of his decease, including the proceeds of the sale of the saw-mill, was less than the amount of debts then due from him and the legacies which had been paid. After the decease of said executors, the defendant, on the first Tuesday of April 1861, was appointed administrator of the remaining estate of Abel Bigelow with the will annexed, and since his appointment has returned into the probate court an inventory of said remaining estate as follows, viz : real estate appraised at $1725, and personal property appraised at $36.54; and the real estate now remaining is sufficient, if sold and applied to that purpose, to pay the legacy sued for in this action and all the other pecuniary legacies given by said will which have not been paid; and the debts of said Abel were all paid by the executors before their decease. The plaintiff was appointed administrator of the estate of William B. Bigelow October 17th 1861, and afterwards and before the commencement of this action demanded of the defendant the payment of said legacy, which was refused by the defendant."

On these facts judgment was rendered in the superior court for the defendant, and the plaintiff appealed to this court.

*P. E. Aldrich,* (*P. C. Bacon* with him,) for the plaintiff.

*G. F. Hoar*, for the defendant. The action was prematurely brought. The will provides by clear implication that the legacies are to be paid after payment of the debts. But independently of this special provision, no action will lie, in general, for a legacy until the period limited for suits by creditors has passed. There is no express provision of statute, prescribing the time. But if an action may be brought within two years, it may within one, or immediately after the will has been proved. The administrator is liable to creditors at any time within two years. Gen. Sts. *c.* 97, §§ 17, 18. Payment to a legatee is no defence against creditors. If an action lies for a legacy before two years, the entire estate may be taken from the executor before he has paid the debts. It would be unjust to make him chargeable for costs, before it has been ascertained that the estate is not wanted for debts. And see Gen. Sts. *c.* 97, §§ 12, 21; Rep. of Com. on Rev. Sts. *c.* 66; *White* v. *Webster,* 13 Pick. 374; 2 Williams on Executors, (4th Amer. ed.) 1153. The Gen. Sts. *c.* 97, § 22, do not authorize this action.

DEWEY, J. The legacy to William B. Bigelow was a vested legacy, and an action to recover it may therefore be maintained in the name of his administrator, if neither of the other objections taken by the defendant is valid. These relate to the time of commencing the action.

Is this right of action lost by delay in bringing the same? Clearly not by the general statutes limiting the period for bringing actions, as legacies are not within them, they being held to partake so far of the nature of a trust, or demand of an equitable character, as not to be embraced therein. Bac. Ab. Legacy K. *Parker* v. *Ash*, 1 Vern. 256.

Legacies are not within the provisions of Gen. Sts. *c.* 97, limiting actions against executors and administrators, not being of the class of demands therein described, and for the stronger reason that, for the purpose, as it would seem, of excluding any possible construction to the contrary, it is directly enacted in *c.* 97, § 22, that " nothing contained in this chapter shall bar an action brought at any time against an executor or administrator with the will annexed, for the recovery of any legacy."

The further inquiry is, whether the present action was prematurely brought. It appears that the will was proved more than twenty years ago, and, the executors having deceased, the present defendant was appointed administrator with the will annexed in April 1861. This action was instituted May 24th 1862, being shortly after the expiration of one year from the appointment of the present administrator. It is urged on the part of the defendant that the administrator is not liable to any suit before the expiration of two years. As already stated, the limitation as to suits against executors does not apply in terms to suits for legacies. It is somewhat remarkable that no provision is made fixing any period after the appointment of an executor, or administrator with the will annexed, within which a legatee may not bring his action.

Although this is so, yet it has been generally assumed that no action would lie until after the expiration of one year. By the civil law, executors have the period of one year from the death of the testator to pay legacies, and the same period in conformity therewith has been adopted by the courts of chancery. Bac. Ab. Legacy, K. *Smell* v. *Dee*, 2 Salk. 415. In *Marsh* v. *Hague*, 1 Edw. Ch. 174, it is said that, as a general rule, legacies are payable in one year. This is also in analogy to the statute provision, Gen. Sts. *c.* 97, § 16, prohibiting actions by creditors of the estate against executors and administrators, until the expiration of one year from their appointment. It also harmonizes with Gen. Sts. *c.* 98, § 9, requiring every executor within one year to render his first account of administration. It was said by this court in *Andrews* v. *Hunneman*, 6 Pick. 129, that an action will not lie immediately upon the death of a testator for a legacy, because it may not be known whether there are assets sufficient for payment of the debts. But no suggestion was made that a delay of two years is necessary.

The provisions of Gen. Sts. *c.* 97, § 21, strongly indicate that the legatee may enforce his claim for a legacy before the expiration of the two years allowed to creditors to present their claims. This section provides that where an executor, within two years after having given bond for the discharge of his trust,

is required by a legatee to make payment of his legacy, the pro-
bate court may require that the legatee shall first give bond to
indemnify the executor against all loss and damage on account
of such payment. This provision enables an executor to secure
himself against loss by payment of legacies before the debts are
barred, and while the amount of assets is uncertain.

Under other systems, the payment of the legacy can only be
enforced in equity, where the rights and interests of all parties
may be fully guarded. But with us, where by statute a legacy
may be recovered by an action at law, it will be seen that it will
always be in the power of the court to interpose until indemnity
is furnished under the above provisions of the statute. The
action cannot be commenced until after a demand of payment
of the legacy, thus giving notice to the executor that the case
has occurred in which he may apply to the court of probate for
an order for indemnity. The action for a legacy is of course
based upon the allegation of the reception of assets by the ex-
ecutor, making him liable therefor.

Without expressing any opinion further than this case re-
quires, the court are satisfied that this action was not prema-
turely brought. The case as stated finds that all the debts of
the testator have long since been paid, and that assets remain
sufficient, if sold and applied to that purpose, to pay this and
all the legacies given by the will, which have not been paid.

The plaintiff is therefore entitled to recover, and the defend-
ant is to be defaulted, and damages to be assessed for the legacy.